**CHUGACH ELEC. ASS'N, Inc. et al.**
**v.**
**ALASKA INDUS. BOARD et al.**
**No. 6994–A.**

District Court, Alaska
First Division, Juneau.
July 27, 1954.

R. E. Robertson, Robertson, Monagle & Eastaugh, Juneau, Alaska, for plaintiff.

John H. Dimond, Juneau, Alaska, for Jenkins.

J. Gerald Williams, Atty. Gen., of Alaska, for Alaska Industrial Board, for defendant.

FOLTA, District Judge.

The question presented by this controversy is whether, after making an award for permanent total disability for the loss of an arm and a leg, the Industrial Board is precluded at a later date from allowing benefits for temporary disability because of the failure of an additional injury, concurrently sustained, to heal.

On July 21, 1950, the employee received an electrical shock and was severely burned. On October 28, 1950, the left arm, right leg, and four toes of the left foot were amputated. On November 12, 1952, the Board, by one member, awarded him the maximum of $8100 for permanent total disability and the statutory allowance for temporary total disability until his foot healed. On February 6, 1953, this award was vacated by the other members of the Board who found that the employee was entitled to temporary total disability from the date of his injury to October 28, 1950, only, when, according to its findings, he became permanently and totally disabled.

On November 21, 1953, the employee applied for temporary disability benefits which he asserted he was entitled to receive until his foot healed. On January 8, 1954, over the objections of the employer and insurer, the Board granted this application.

The burns received by the employee were severe, necessitating medical, hospital, surgical, and other services at a cost of more than $15,000, which the employer has paid. It perhaps should be noted at this point that, if the decision of the Board is affirmed, the additional temporary disability benefits will amount to more than $15,000.

The plaintiffs contend: (1) that the Board has no power to grant a rehearing; (2) that the decision of February 6, 1953, is res judicata of the proceedings on the application of November 21, 1953; (3) that the application of November 21, 1953, was barred by the limitations of the statute governing the initial filing of claims and their subsequent modification; and (4) that no award for temporary disability may be made after a finding of permanent total disability.

The defendants contend that the award may be sustained under the provisions of Section 43–3–4 A.C.L.A.1949, vesting continuing jurisdiction in the Board over every claim, together with power to modify its awards. No authority is cited for or against the proposition that, where injuries, sufficient by themselves to constitute permanent total disability, are the basis of the maximum award for such disability, an allowance may nevertheless thereafter be made for temporary disability based on the failure of an additional injury, concurrently sustained, to heal; and it may well be doubted whether any authority exists in view of the extraordinary nature of the factual situation.

■ I am of the opinion that the award must be set aside. The failure of the foot to heal was known not only after the expiration of the normal period for healing but also after the expiration of 38 months, when the instant award was made. The power vested in the Board under Section 43–3–4 to modify its awards may be invoked only upon a showing of a subsequent development warranting the exercise of that power. Even if it could be held that the failure of the foot to heal between February 6, 1953, and November 21, 1953, was such a subsequent development, it is not perceived how, after the maximum allowance for permanent total disability had been made on February 6, 1953, an allowance for temporary disability could thereafter be made either under Section 43–3–1 or Section 43–3–4. Permanent total disability is the ultimate in disability under the law. Further injury, concurrently sustained, could not add to or increase that degree of statutory disability, although it might well show a greater degree of actual disability.

■ The difficulty with the defendants' case here is that it apparently confuses the two kinds of disability, whereas the law concerns itself with only one. Perhaps the Board could have kept the employee in a temporary disability status until all his injuries, those which in themselves were sufficient to constitute permanent total disability under the law, as well as the injury to the foot, had healed or become fixed, before making a finding of permanent total disability. Having failed to do so, it may not thereafter make a finding of the existence of a lesser degree of disability and allow compensation therefor, because obviously such lesser degree is included in the greater.

It will be noted that the law makes no provision for injuries sustained in addition to those which suffice to constitute permanent total disability. While this might have been an oversight upon the part of the Legislature, it could also have been an intentional omission in view of the fact that, since the body functions as a unit, it would be illogical to deal separately with an injury which it is not necessary to take into account in finding permanent total disability and allocate to such additional injury a lesser degree of disability. No prejudice re-

sults from such an omission, because the employer is required to furnish medical, surgical, hospital, and other services, except where the injured employee, as in the instant case, requires treatment beyond the period of time for which such services are required to be furnished.

■ I am of the opinion, therefore, that under the law of Alaska the only remedy afforded, where there is a failure to heal after an allowance has been made for permanent total disability, is that provided by Section 43–3–2. In the instant case it appears that the employer complied with the provisions of that section for more than the statutory period and that, even with the extension in 1953 of this period from one to two years, it would still be insufficient for this case. It thus appears that, in permitting the Board to keep an injured employee in a temporary disability status until his condition has become fixed or stabilized, ample provision has been made for cases in which the disability is less than permanently total but that no provision has been made for cases in which there is a failure to heal after a finding of permanent total disability. Such being the state of the law, the Court has no alternative but to set aside the award appealed from.